UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of New York
------------------------------------x
CARL D. WELLS,

        Petitioner,     Motion To Vacate Judgment,
                            [F.R.C.P. 60(b)(6)]

   vs.

Supt. Mark Miller,     21-cv-1131 (CS)

     Respondent.     (L.J. Limon, NSVJ)
------------------------------------x

Respectfully:

    CARL D. WELLS, declares under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

1. This is a motion to Vacate Judgment entered: Dated: 3/27/23, made pursuant to, Fed.R.Civ.P. Rule 60(b)(6). The reason for such request is as follows: A). Appellate Counsel and Agency, (O.B.A.), has denied this —

1.

[Fed. R. Civ. P. 60(b)]

Appellant, Petitioner, Effective Assistance of Appellate Counsel, by claiming that they can perfect said appeal without sufficient trial transcripts, Also; for failure to attempt to secure documents even after a Court order deadline was entered, Moreover, this Agency has been defective and negligent since (2009) for some reasons; A). Lack of work, B). Negligence.
[See; prior client's 6-yr delay from (2009), People v. Zuniga (1st Dept), Cited in, Zuniga v. Lamanna, Slip Op (2019), 149 A.D.3d at 66.].

The Petitioner is Requesting an evidentiary hearing to develope the Record., Also to Varify the Truth Concerning Appealable Record. Also, to produce, [N.Y. Times article, 4/16/2010], Concerning (O.B.D.), delayed appeals, to produce, Testimony by Petitioner Concerning his 2009/2010, Communications In behalf-

2.

[Fed.R.Civ.P. 60(b)]

of MR. Zuniga's, (O.A.D.) Appellate Counsel, As a Jailhouse Lawyer, And Attempting to Secure 'Transcripts' After a 6-yr delay of perfection. Moreover, At a Hearing to produce, The Complaint/Exhibits from, Wells v. City of N.Y., 15-CV-6585 ((AP)), As The (O.A.D) is Litigated All Through This Complaint/Exhibits, Also, At A Hearing, produce, "Center for Appellate Litigation", Robert Dean Esq. (2015), Appellate Briefs, by, Claudia S. Trupp, Esq. And, (pro-se) Supplemental Briefs, Response Brief By, pro-se, petitioner, [Ind# 0041/07, 6548/06], N.Y. County, [1st Judicial Dept. 2015. As, The (O.A.D) is Listed Inside of pro-se Supplemental Brief, And, MR. Zuniga. At a Hearing, It will be Requested that This Court Question The Judges who Assigned, O.A.D to The petitioner?

3.

[Fed. R. Civ. P. 60(b)]

2. Since, Appellate Counsel is, instant, ineffective as an agency, with a history of some delay, well before Covid-19, "extraordinary circumstances" should be used to excuse exhaustion, pursuant to, delay and Speedy Trial issues. (See; Nickels v. Conway, 480 Fed. Appx. 54 (2012); also see; Coleman v. Thompson, 501 U.S. 722, the petitioner has been denied, due process, procedural due process also, U.S.C.A. Const. Amends. 6, 14).

3. The Respondents cannot show, "Due Diligence", "A Trial Transcript may not be excluded for delay, as the delay was a result of the States Error." Dobbs v. Zant, 506 U.S. 357, 113 S.Ct. 835 (1993). Someone in First Judicial Department, and/or (O.A.D.)? A hearing is required.

4.

[Fed.R.Civ.p. 60(b)]

4. THE RESPONDENTS AND (O.A.D.) LETTERS ARE VAGUE. THIS PETITIONER HAS BEEN SUBJECT TO "HEARSAY", WHICH CONCERNS LOST FILES, BOXES, SINCE 2011, ON APPEAL, AND BETWEEN, 2015 THRU 2019, TRIAL COURT, WITHOUT ANY VERIFICATION, EVIDENCE & PROOF PRESENTED, ON THE RECORD, TO ESTABLISH IF THE DELAY IS VALID, BASED UPON THE TRUTH OF THE MATTER ASSERTED? "WHETHER A HEARING IN THIS COURT IS REQUIRED, IS (A). WHETHER SOME ERROR YOU ARE RESPONSIBLE FOR PREVENTED THE DEVELOPMENT OF THE FACTS? (B). WHETHER THE STATE'S ERROR PREVENTED THE FACTUAL DEVELOPMENT? AS IT STANDS, THIS COURT MADE A DETERMINATION WITHOUT A COMPLETE RECORD, AND WITHOUT ANY VERIFICATION THAT THIS PETITIONER CAN HAVE AN ADEQUATE APPEAL REVIEW OF APPELLATE RECORD FROM LOWER COURT?

5.

[Fed. R. Civ. P. 60(b)]

5. Next, Since The Files, Delay etc., were missing Since 2011-Thru 2015, 2015 Thru 2019, and pending The Perfection of said Appeal. Reishay Is This, Files STILL are missing? Now, 2019, Included?

6. Concerning Exhaustion, The Appellate Division did Review 440 on Appeal, and that is subject at Habeas Corpus. Therefore, Review is not Required to Be Exhausted, is why? The missing Files For Trial, motions Transcripts Affects The Direct Appeal, Yes, It is Requested That The Court Reviews The 440 motion, on its merits, Pretrial Order, and Secure The Record They Claim Exists, After a Hearing to Varify If That be True?

7. Once Again, I Claim That a Fundamental Miscarriage of Justice-

6.

[Fed. R. Civ. P. 60(b)]

has taken place and I ask that this court review all that exist due to "extraordinary circumstances" and unanswered questions concerning the continued/claimed lost files, trial exhibits, etc... All of which denies this petitioner due process and procedural due process including the equal protection clause of the United States Constitution. (See: <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 6 (1992). Moreover, the ineffective assistance of counsel claims are exhausted for this court's review. Art. 440, <u>Murray v. Carrier</u>, 477 U.S. 478, 488. An additional hearing on this issue is requested. The "cause and prejudice" test has been met/shown, <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

8. It is also requested that the issue of, lack of subject—

7.

[Fed. R. Civ. P. 60(b)]

Jurisdiction Be Reviewed on The Merits, In An Evidentiary Hearing Concerning, (A). Testimony be Arresting Bronx County office, and Evidence obtained At A 2019 Trial, After A (2013) High Courts Suppression, and Dismissal of Entire Case With Prejudice, 21 My3d 716, Pleo v. Wells, Lower Courts Dismissed.

(B). Illegal Release, Detention From, State Custody, July 24th, 2015, Into Rikers Island City Custody? A Hearing is Requested on This Issue, to develope The Record. Moreover, It Is Requested That A stand by Counsel Be Assigned to Assist Pro-Se Petitioner to Any Hearing.

Dated: 4/6/23.

Carl R. Wells

I, Carl R. Wells, declare under penalty of perjury that The Foregoing is True & Correct. 28 USC 1746. Carl Wells

8.

1:21 CV 11231

## Declaration of Service

STATE OF NEW YORK  )
                   ) ss:
County of Dutchess )

Carl D. Wells, declares under penalty of perjury that:

1. I am located at; 594 Rt 216, Stormville, NY 12582. Green Haven C.F. I am the Pro-se Petitioner, and I am requesting that, Service must be made, upon the below listed party, by sending them the followings; Motion to Vacate Judgment, Request for Evidentiary Hearing, [Fed.R.Civ.P. 60(b)], On:

(1.) Office of the Attorney General, Assistants (AG) State of New York, Paul B. Lyons, 28 Liberty St, NY NY 10005.

I, Carl D. Wells, declare under penalty of perjury that the foregoing is true & correct. 28 Oct 1746

Carl Wells
Carl Wells.

9

GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: Carl Wells DIN: 16-5-267 11/07/42

US POSTAGE $000.84
ZIP 12582
041M11466609

USMS
SDNY

Clerk of New York
U.S. District Court
Southern District
500 Pearl Street
New York, NY 10007

Legal Mail:
1:21 CV 11251