(1)

UNITED STATES DISTRICT COURT
Southern District of
_ _ _ NEW YORK _ _ _ _ _ _ _ _ X

RECEIVED
SDNY PRO SE OFFICE
2023 MAY 19 PM 4:28

CARL D. WELLS,
      Petitioner,

MOTION IN
SUPPORT AND Supple-
MENTAL / ADDENDUM to,
MOTION TO VACATE
[Fed. R. Civ. P. 60(b)(6).]

VS,

Supt. MARK MILLER,

1:21-CV-11231 (LJL)

      Respondent.

[L. J. LIMAN, U.S.D.J.]

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ X

THE Petitioner, CARL D. Wells, hereby declares
Under The penality of PERJURY, That The
Foregoing statements and Exhibits are True and
Correct to The Best of my Knowledge.

1. This is A Motion In Support of A
Newly Filed Motion, DKT ENTER (86), dated
4/21/23, to VACATE A Judgment by This
Court, dated, 3/27/23, which dismissed
The Original Petition, Denied Without pre-
-Judice, etc., DKT ENTER (82).

<u>MOTION</u>
Supplemental / ADDENDUM
(Fed. R. Civ. P. 60-B)

- THE PETITIONER Filed FOR THE Following Reasons;

A). <u>QUESTIONS</u>: WHETHER THE Continued, Repeated, Loss AND Found, DOCUMENTS, FILES, BANKER BOXES, TRANSCRIPTS, (DNA) Evidence, ETC, BETWEEN, 2006 THRU 2019 AND, 2023, WAS, AND/OR <u>IS</u>, A RESULT OF THE STATE'S ERRORS! As 1.) <u>Ministering Negligence</u>, 2.) <u>HEARSAY</u>, 3.) <u>NON TRUSTABLE STATEMENTS</u>? A Rule (8) <u>HEARING IS Required TO ANSWER These Questions</u>? [SEE: <u>Dobbs v. Zant</u>, 506 U.S. 357, 113 S.Ct. 835 (1993).

2. A HEARING Should be held to develope THE Actual ~~FACTS~~ AND TRUTH OF THE ISSUE Related TO, WHAT EXIST <u>today</u> + <u>Todate</u>, TO PERFECT SAID Appeal; AND WHETHER SOME ERROR TOOK Place THAT THE ~~STATE~~ COURT Could have PREVENTED; Also, WHETHER THE STATES ERROR PREVENTS THE FACTUAL Development, PROWING "<u>IMPOSSIBILITY</u>" to obtain what is (SAID) to be possible By Both, <u>MR. PAUL Lyons</u>, Asirov. (AG), AND; MR. DAVID BERNSTEIN, ESQ?, Also; —

MOTION
Supplement / ADDENDUM
(Fed. R. Civ. P. 60-B)

- pursuant to a Lack of 'Due Diligence' etc.?
B). WHETHER THIS Court Can Assign Counsel,
MR. DAVID BERNSTEIN, Esq., OR OTHER Attorney
to Conduct a Rule 8(b)(1) Evidentiary Hearing?
C). WHETHER THE PETITIONER IS Actually INNOCENT
OF Said Robbery OF, MR. CARLOS GONCALVES,
Which Said, IN The 2019 TRIAL of January,
That The PETITION, IS NOT The person who
Robbed him, [T: 765, lines, 1 -Thru 10];
MOREOVER, IN TRIAL, Gave Testimony That,
"ONE Big REVOLVER"; "THE Big REVOLVER
IN THE Direction of my HEAD"; "His Right
Index finger, And pointing it Towards his
Forehead", At Grand Jury And 2019 TRIAL,
Charged, "What Appeared to Be A pistol";
[PL § 160.15 (4)]; And, Claimed, "Hand in The
Pocket", Event? [T: 764, line 25];
[T: 755, Lines, 8 Thru 13]. (See: Exhibited
Appendix).

D). WHETHER THE ARREST On, July 24th, 2015,
And, 12-08-06, Between, Bronx And New York County
Are Both, Illegal, A Stemming As A RESULT, -

MOTION
Supplemental /Addendums
(Fed. R. Civ. P. 60-B)

- THE Detention ON Riker's Island And All Event
Between, 2006 Thru March, of 2019, Is The Fruit
of Illegality And must be Suppressed, Including,
Illegal Detention, Trial, etc...?
E.) Whether, The 2013, Court of Appeals decision,
(Peo v. Wells), 21 NY 3d 716, precludes, 1.),
Testimony by, Brana Arresting Officer, Then, p/o
Chan? 2.) Nore of Evidence, Stolen Vehicle In
2019 Trial? (See: Appendix.) a/so See [T: 821
Thru 829]...

3. It Is Claimed That A, 'fundamental
Miscarriage of Justice' Requires Review of entire Case,
From 2006, Trial? Moreover, Subject-matter -
Jurisdiction Is Violated, (U.S.C.A. Const Amend's, 5, 6,
8 + 14, Including (4) Legal Arrest, Search + Seizure)
Are All Violated. THE Reality of This Case
Is A Set of Clear, 100% Constitutional, Repeated
Violations And Events That Requires The Assigned
Appellate Attorney to present That to This Court,
And Request for the Release of his Client?
His effective assistance Requires The Review,
In totality of Constitutional ERROR, As Stated -

Motion
Supplement / Addendum.
(Fed. R. Civ. P. 60 B)

Introduction That MR. BERNSTEIN entered, into A pending Constitutional Challenge? The Respondents took it upon Themselves to introduce Letters From The assigned Appellate Counsels Firm, O.A.D, assigned in 2019. As attorney's who obtained a copy of The exhibited "TRAVERSE", with attachments, moreover, so now Required to Review pending Habeas Corpus, Court Record, Before a determination As to whether to Try And perfect An Appeal For petitioner, Who's Arrest And Indictment Is over 16 yrs. [NOTE; Petitioner Gave A Complete Set of TRAVERSE Exhibits on Them, In person Visit, O.A.D, Attorneys / Para Legals].

4. (See; SC-032-, 033 & 034), Exhibited By Respondents), "SOME Court Record", Dismissal Motion. (O.A.D) Letter dated, 1/19/23 By, David Bernstein, & Alan J. Litwa, Staff They, O.A.D, Tell The Firms New Clerk That "We Identified That The Following documents were Missing". "VDF", "Omnibus Decision & Order", "Notice of Omnibus Motion", And "D/A's Response to Omnibus Motion".

<u>MOTION</u>
<u>Supplement / ADDENDUM</u>
(Fed. R. Civ. p. 60-B)

5. NEXT, A LETTER TO THIS COURT, 1/26/23, CLAIMING, THIS 1st Dep't "STILL HAS NOT PROVIDED ME WITH a Fully Complete Record ON Appeal"? "WE ARE STILL Missing an entire day of ~~paper~~ "<u>THE VOIR-dire</u>" (and possibly evidentiary Arguments)" "~~pre~~<u>ceded opening Arguments</u>" THE MAIN days of This 'VOIR DIRE' happened to be, Jan 10th & 11th, 2019, Subject to A WRIT OF ART. 78 And Disqualification Motion. AGAINST, <u>Daniel Conviser</u> (Sct), pg 95 III, Corone sos <u>Mr.</u> <u>Kevin McGrath</u>, (Sct), 100 Centre Street. (See, Appendix, 1st Dep't App. Div. Inven # 134/12. <u>Walt v. Ade presley</u>, et al, CPI-DATES ART 78, 1/17/18, and, 3/29/2018, Order denying WRIT, M# 6508, #C145, See, Appeal to Janet Difiore, Judge. NYS et al Aff's, (SS10-27) Decision, June 7th, 2018, (See, May 4th, 2018, Opposing papers to, Ct. of Appeals, M# 2018-1144, also See, 159 AD3d 651 (2018) + The petitioner also Removed.

6. In petitioner Response, opposing Respondent, ADA's John T. Hughes, Dec 27, 2018 papers, The petitioner Wrote a Letter about January 10th, —

<u>Motion</u>
Supplemental / Addendum;
(Fed. R. Civ. p. 60-B)

---

April 11th, 2019, attaching Disqualification Motion (See: Appendix). It just so happens that the very Note that the (O.A.D.) and Respondents are having trouble with, happens to be with, "Von Drié", and statement to the potential jurors concerning, why a 12 year delay for a trial took place? The Judge, consider, pg 95, Jan 10th, 2018, boldly <u>Quoting; THE 12 YEAR Delay is attributed, and or is not the faults of either the pro-selection/Government"</u>. A Recusal & Disqualification dated, January 11th, 2018, addressed to, Administrative Judge <u>Ellen Biben</u>, was filed, (3 of 3) pages, attached to Response Letter mailed, Jan 12th, 2018, to the Ct. of App's Clerk and Hon <u>John P. Asher.</u> (See; Appendix. A Motion to the Non Sup: Crt "Out of Time" was filed, <u>2018-1144</u>, <u>134-17</u>, on petition was denied. (See: Appendix).

6, Since <u>MR. DAVID BERNSTEIN</u> of the (O.A.D.) Decided to submit a <u>Letter</u>, or <u>Letter</u>, on the Request of the Respondents in this case, without moving for a Reconstruction Hearing As, Appellate Counsel, <u>Robert S. Dean</u> did in, 2012, of April 2nd?

Motion
Supplement / ADDENDUM
(Fed. R. Crim. 60-B)

- (See: Appendix: Letter dated, 4/2/2012, by Attorney, Claudia S. Trupp, And, May 1st, 2013, (2 of 2) pgs, which was notice of Missing Transcript, and of Reconstruction Hearing. (See (September 18th, 2012), (4 of 4) page Reconstruction Transcript Appellate Counsel, Claudia S. Trupp, And (DA) Robert Walker presents This Court should order its own Hearing. It is claimed that the documents still missing and all other documents, Transcript etc., has continued to change. Moreover, The ending Letter after Failure to Respond, all violate A Right to A Notice and opportunity to be Heard, And it Simply: "Unconstitutionally Vague" (See; KOLENDER V. LAWSON, 103 S.Ct. 1855.

7. Last, In Original Exhibited 440.10 Appendix (Exhibit Q) Oct 31, 2018 Transcript, (DA) Courtney Groves claims She turned over "Rosario Rpt," with "Itemizing (157) Different documents, which, (DA) kept from defense in 2008? Compare. Still, (DA) Groves didn't have any of The new or had the old documents, too a Disk, Not Reviewed. In fact, This Requires a Hearing (See: Appendix, ( A TRANSCRIPT: Oct 2nd, 2018, [T: 9, 10, lines (14 Thru 22, pg 9) (9 Thru 20) pg 10.

Motion
Supplement / Addendum
(Fed. R. Crim. P. 60-B)

## Conclusion

- On page 12, (AMA) Groves leaves a question to be answered. She says, "over-day "I believe, two boxes of court files that were missing. This did delay the appeal back in (2012) to 2015". [Note: who's fault is this?] "But the people have have, have never not known the location of the boxes related to this file." "They have always been in the people's possession." "There are conversations in our file." "There has never been a loss of boxes on the people's part," (lines, 11-20). So,

Judge Converse told potential jurors, "It's neither the state/Government's fault", And those transcripts are missing? OR Are they? Courtney Groves tells the court, nothing was ever been missing? So, is the petitioner a victim of state/Government error? OR Lies? Who can be trusted? A hearing is required, And Responsibility Requested.
DATED: MAY 5th, 2023.
I, Carl Wells, declare under penalty of perjury that the foregoing is true and correct, 28 USC 1746.
Execution This 5th day of May, 2023
Carl B. Wells petitioner. 5/8/23

Supplemental:
ADDENDUM
Fed. R. Civ. p. 60-B
5/5/23

1:21 CV 1281
(LGG)

1. TRIAL - TRANSCRIPT - CONFERENCE: pg. (3), 1/2019 - pg. 95 NY Co.
2. TRIAL TRANSCRIPT - PROCEEDINGS: pg. (9). 1/2019 - pg. 95 NY Co.
3. 1ST DEPT APP. DIV. DECISION 3/29/18 - pg (1)
4. CT. OF APP's / STATE OF NEW YORK: DECISION: June 7, 2018 - pg (2)
5. Response letter to: CT. of App's. 1/12/2019, pg. (6)
6. N.Y. SUP. CT. Letter - pg - OUT OF TIME MOTION. pg (1).
7. Letter from: (OAM) DAVID BERNSTEIN, CHIEF ATTY: 1/19/23.
8. Letter From: (OAM) TO CUNY (VO) NOT. From DAVID BERNSTEIN, 1/26/23  2 pgs.
9. Letter dated: 4/2/12, By Claudia S. Trapp, Appeal Counsel, (1 pg.)
10. Letter dated: 5/1/2013, By Claudia S. Trapp, Appeal Counsel, 2 (pgs.).
11. TRANSCRIPT: Sep 18, 2012, Rebursmith HEARING, pg. 32 NY Co. (4 pgs.)
12. Letter dated 6/11/2013 To: MAYOR NYS, Bloomberg (3 pgs.)
13. TRANSCRIPT Oct 2nd, 2018, (3 pgs) pg: 39 NY Co. proceedings.

## DECLARATION OF SERVICE

STATE OF NEW YORK,
County of Dutchess } SSA

Carl A. Welk, Petitioner, Pro-se, And pursuant
to 28 USC § 1746, declares under penalty of
perjury as follows:

That on, May 8th, 2023, I
Mailed, Through Institutional Employees at, Green
Haven C.F., 594 Route 216, Stormville, NY 12582,
The attached 9-13 Motion In Support And
Supplemental/Addendum, Fed. R. Civ. P. 60-B, With
attached Appendix w/ 13 Exhibits, To The
Respondants Via The U.S. Postal Service
to The following Address;

28 LIBERTY STREET,
NEW YORK, NY 10005
Office of the Attorney General
State of New York
ATTN: PAUL B. Lyons, Esq.

I declare under penalty of perjury That the
foregoing is True And Correct. Executed on, May
8th, 2023.

Carl Welk Petitioner
Petitioner

1          THE COURT:    You said the car-jack?  You said

2     what?

3          THE WITNESS:  When he stole --

4          THE COURT:    When he stole the car?

5          THE WITNESS:  Yes.

6     A.     He stole the car; that was the first time.   The

7     second time when I -- [Unintelligible.]

8     Q.     [Interrupting.]

9          The second time you saw him was on the place in 12th

10    Street?

11    A.     Exactly.

12    Q.     But when you saw the person holding number 5 in the

13    line-up, you recognized him as the person who ten days earlier

14    had opened the door and car-jacked you?

15    A.     Exactly.

16    Q.     Okay.

17         Now, Mr. Goncalves, if you saw the person that

18    car-jacked you on December 4, would you recognize him again?

19    A.     December --

20         I saw him again on the 14th, December 14.

21    Q.     Yes.

22         And if you were to see him again, today, do you believe

23    you would recognize him?

24    A.     I don't know.  Maybe yes, maybe not.

25    Q.     So I am going to ask you to please take a moment,

1  look around the courtroom, and tell me if you see that man here

2  today.

3                    (Witness complies.)

4      A.     That's twelve years later.

5                    (Whereupon, there was a pause in the

6  proceedings.)

7      A.     No.

8      Q.     And --

9      A.     [Interrupting.]

10        No.

11     Q.     Mr. Goncalves, I am going to show you what's already

12  in evidence as People's exhibit 18.

13                    (Handing.)

14                    (Whereupon, the Court Officer is handing the

15  above mentioned item to the witness.)

16     A.     Yes.

17     Q.     Do you recognize that?

18     A.     Yes.  I have my initials on it.

19     Q.     Do you recognize your initials on that disk?

20     A.     Yes.  My initials.

21     Q.     Did you listen to the contents of that disk, prior

22  to testifying?

23     A.     Yes.

24     Q.     Does that disk contain the 9-1-1 call that you and

25  Mr. Cooper placed on December 4, 2006?

1   am going to get out the car.  He said, get out the car now

2   because if you don't I am going to explode your head.

3              THE COURT:  You said explode your head?

4              THE WITNESS:  Yeah.

5              Because I'm not so --

6              THE COURT:  I just didn't hear.  I wanted to

7        make sure.

8        A    I looked for him, and he is open the jacket, and

9   from the side, one big revolver.  And he showed me the

10  revolver.  Again, the big revolver in the direction of my head.

11             THE COURT:  The witness is taking his index

12       finger, his right index finger, and pointing it towards

13       his forehead.

14             Go ahead.

15       Q    So, after this man pointed the revolver at your

16  head, what happened?

17       A    I told him to take it easy.  I got out of the car.

18  And he took the car and he went away.

19       Q    Now, I want to go back to when you first saw this

20  man.

21             What did the person look like?

22       A    Tall guy, maybe 6'2" or 6'1."  He is like between

23  black and white.  Like light black.  You know.  I don't know

24  how the word, but light black.  And his jacket, I'm not sure if

25  yellow or beige.

D. Kern

1    identification of specific people, not about testimony and
2    memory in general.
3            Mr. Wells?
4            THE DEFENDANT:    Your Honor, this is one of my
5    layman objections.    I'm not trying to disrupt the Court.
6            I think I might have a decent objection here.    But
7    I want to do this in reference under three points.    One is,
8    I am going to do it under mistrial.    Two, I am going to do
9    it under being denied a fair trial.    And the third, I would
10   consider just thinking about reopening the suppression
11   hearing.    Ms. Rose Elrubin did, in 1991, which -- where she
12   found, in the middle of a trial, that there was another
13   suspect arrested for my crime.    This is my objection --
14   Elrubin, E-L-R-U-B-I-N, Rose.
15           Your Honor, tell me, if I am right or not.    You
16   can cut me off if I am wrong.    But the People have, today,
17   they presented Officer Pizarro back on the stand here.    And
18   they took -- He testified to going to the 40th Precinct.
19   Okay.    And I am not sure if he did it before, but they
20   brought him back in, and they were relating to this arrest.
21   And they mentioned the fact that I was under arrest, and
22   taken from the 40th Precinct and handed over.    Okay.    And
23   detailed again.    My objection is this, okay, this arrest,
24   here -- is -- This is not actually valid until 1-31-2007.
25   It's associated with the arrest on a warrant that took

1    place 12-14-06.  And my objection is, I feel that, and

2    respectfully, that the People are nullifying constitutional

3    objections to that arrest, by precluding the third arrest

4    and not producing Christian Jones [phonetic] and the arrest

5    of the third arrest that actually makes the ---

6              THE COURT:    Wait.  Stop.

7         I am --

8         Stop.  Give me a minute.

9         Who is Christian Wells?

10             MS. GROVES:   Kristen Jones is a detective in

11   the Bronx who actually made the subsequent arrest of

12   Mr. Wells for the 2006 Bronx DWI.  They had deferred

13   prosecution.  And then she was the detective who arrested

14   him in January, for the prior arrest.

15             THE DEFENDANT:   Here is where the argument

16   comes in under Huntley.  I move to suppress these

17   statements.  The argument comes under Huntley, under this.

18   That 33 arrest was not associated with any arrest.  Okay.

19   Pizarro came over and snatched me from the 40th Precinct

20   without any authorization at all.  And because I was under

21   arrest at the 40th Precinct, for three E felonies and one

22   misdemeanor at the exact same time, my parole officer was

23   notified; on the list, I had an arraignment number in the

24   Bronx.  At the time that Pizarro came and picked me up at

25   that 40th Precinct, I had arrest report, three E felonies,

1    one misdemeanor, one being the car, for Possession of

2    Stolen Property in the Fourth Degree. He took me and put

3    me in line-ups and charged me with the same exact charge,

4    which is impossible, because it's double jeopardy. It's

5    impossible. And that charge was pending in the Bronx while

6    he was actually charging me, Your Honor.

7        This is what I ran into when I argued this case in

8    Bronx with -- Darren Weisenberg was my co-counsel in the

9    Bronx. I cross-examined Pauleen Chung and now Pauleen

10   Pereira two times about this. And the issue is, is this,

11   it goes under a Huntley Hearing, a Huntley, Dunaway

12   Huntley, because what I am claiming is, I am claiming that

13   the Prosecution is intentionally deleting the whole arrest,

14   which makes it illegal from a prosecution, and now a trial.

15   They are talking about the 33 going and picking me up from

16   Pauleen Chung in the 40th Precinct. And they are talking

17   an arrest with me at the car on the scene on 12-8-06. But

18   they never want to actually produce when the arrest became

19   valid in their case. They deleted the third arrest which

20   made this arrest legal, and which actually made this

21   arrest. But it also makes the 33rd arrest illegal under

22   Huntley and Dunaway.

23        THE COURT:    Can I respond?

24        THE DEFENDANT:    Yes.

25        THE COURT:    Respectfully, Mr. Wells, you are

1    misapprehending the law, and you are focussing on something

2    that doesn't matter.

3            The question that matters with respect to your

4    arrest is whether there was probable cause to arrest you.

5    During the hearing, I determined that there was probable

6    cause to arrest you. I understand it was for DWI, and I

7    understand that subsequent to that the police arrested you

8    for robbery, and I understand subsequent to that they

9    deferred the proceeding on the DWI, and they arrested you

10   again later on the DWI, and then the DWI was never

11   prosecuted.

12           Right? Is that what happened?

13           MS. GROVES:    It was deferred until January of

14   2007, when he was arrested and then prosecuted in the

15   Bronx.

16           THE COURT:    And then what happened to the

17   case, the DWI?

18           MS. GROVES:    He went to hearings. Represented

19   himself. Pleaded guilty. While having pled guilty on the

20   instant case, serving 20 to life, that case was reversed.

21   And our understanding, from conversations with the Bronx is

22   it got sent back, and then it either got affirmatively

23   dismissed or 30.30'd, but they did not pursue -- They did

24   not re-pursue the case when it was returned to them.

25           THE COURT:    Mr. Wells, the only thing I am

1   trying to say to you, all these subsequent machinations

2   that happened, after you were arrested with what I found

3   was probable cause, all these subsequent things that

4   happened don't give any claim to dismiss this case. That's

5   what I am trying to explain.

6            THE DEFENDANT:  Okay --

7            THE COURT:  It doesn't give you any relief.

8            THE DEFENDANT:  It does give a valid claim

9   under Dunaway.

10           THE COURT:  No, it doesn't.

11           THE DEFENDANT:  We had a Dunaway, Huntley

12   Hearing --

13           THE COURT:  I am trying to explain you it

14   doesn't.

15           THE DEFENDANT:  My position is this -- this is

16   for the record -- is that the arrest, since we had the 33rd

17   over here, and he is talking about picking me up from the

18   40th Precinct on an arrest, I don't understand how it is

19   that the People can preclude an actual arrest that made my

20   arrest in the 40 Precinct valid.

21           THE COURT:  Nobody is precluding anything.

22           THE DEFENDANT:  They haven't brought it out.

23           MS. MESSINA:  I don't think he means preclude;

24   I think he means, how they can defer it, and therefore,

25   validate the 33rd arrest.

1    THE COURT:    You might like the law to be as

2    you are describing it, and that's great.    We can have a

3    system where what happened to you, and what the People did,

4    would be, like, completely unlawful, and would result in

5    the suppression of all the evidence against you.    Sorry

6    that's not what the law is.    The law is that you were

7    arrested with probable cause; that's what happened.    Once

8    you are arrested with probable cause, the fact that they

9    deferred that arrest to a subsequent date, or they arrested

10   you for other things, doesn't give you any relief in terms

11   of suppressing any of the evidence that was recovered with

12   respect to you, whether it's your statement, the

13   identification procedure, or anything else.    So you are not

14   understanding what the law is on this point, and you keep

15   focussing on it, and I know you are very focused on it.

16   Sorry, it doesn't get you anywhere.

17   THE DEFENDANT:    I understand.    And that's your

18   ruling.

19   I just wanted to respectfully say, the Court of

20   Appeals Judge in the dissent, when he threw this case out

21   -- by the way the People did not show up to Judge Seth

22   Marvins in the Bronx -- they dismissed with prejudice.

23   And what I am saying is, to you, is this, Your

24   Honor, the fact of the matter is that on under Dunaway and

25   Huntley, if the arrest is illegal --

1          THE COURT:   The arrest wasn't illegal.

2          THE DEFENDANT:   Wait a minute.   In totality --

3          THE COURT:   No, not in totality.

4      Can I explain this to you?

5      When the police find you allegedly slumped over in

6  the car --

7          THE DEFENDANT:   Right.

8          THE COURT:   -- drunk, and arrest you for DWI,

9  the question is, at that moment, did they have probable

10 cause to arrest you.   The question is not what happened two

11 months later with respect to the case.   The question is

12 when they initially arrested you, did they have the right

13 to arrest you?   I found they did.   End of story with

14 respect to this questions.

15         (Continued on next page, by Donna Kern, Senior

16 Court Reporter.)

17

18

19

20

21

22

23

24

25

(Continued from previous page.)

2      THE DEFENDANT:  So me being taken to the 33 --

3      THE COURT:  Doesn't matter.

4      THE DEFENDANT:  From the 40 --

5      THE COURT:  Doesn't matter.

6      THE DEFENDANT:  A valid arrest taking place on

7      1-31-07, making the 12-8-06 arrest legal, because before

8      then, it was not a completed arrest.

9      THE COURT:  You don't understand.

10      The question is --

11      They did arrest you on the day you crashed the

12      car.  The question, among other things, is:  Did they have

13      probable cause to arrest you on that day?  That's it on

14      that question.

15      THE DEFENDANT:  There's no Huntley hearing.

16      THE COURT:  We had a Huntley.

17      THE DEFENDANT:  And the hunt leap goes to the

18      statement being taken from me at 33rd Precinct on an

19      invalid arrest.

20      THE COURT:  I found it a valid arrest.

21      THE DEFENDANT:  Bus the arrest doesn't stop

22      right there.

23      THE COURT:  It does stop right there for

24      purposes of the Dunaway component of the hearing.  That's

25      exactly where it stops.  Were you arrested with probable

D. Kern

1    cause?  Yes or no?  Yes.  That's it.

2          THE DEFENDANT:  And the statements was not taken

3    there --

4          THE COURT:  I understand.  I know what happened.

5    I sat through the hearing.

6          THE DEFENDANT:  And he pick me up from --

7          THE COURT:  He went from the Bronx to the 40th

8    to the 33th.  You went from DWI to Robbery.

9          I understand.  I get the chronology.

10         THE DEFENDANT:  Last but not least, there is no

11   valid deferred prosecution form.

12         THE COURT:  It doesn't matter.  That's what I am

13   trying to explain to you.

14         We will see you at 10 o'clock on Monday.

15         MS. MESSINA:  Judge, can I give you this case?

16         THE COURT:  That's fine.

17         (Whereupon, the parties were excused by the

18   Court.)

19

20

21  Certified to be a true and accurate transcript to the best of

22  my knowledge, skill and ability.

23

24  _____
    Donna Kern
    Official Court Reporter

25

D. Kern

Friedman, J.P., Tom, Kapnick, Singh, JJ.

6145     In re Carl D. Wells,           Ind. 6548/06
[M-6508]     Petitioner,                    41/07
                                    O.P. 134/17
               -against-

          Warden Ada Pressley, et al.,
          Respondents.

Carl D. Wells, petitioner pro se.

Eric T. Schneiderman, Attorney General, New York (Michael J. Siudzinski of counsel), for Hon. Kevin McGrath, respondent.

District Attorney, New York (John T. Hughes of counsel), for Cyrus R. Vance, Jr., respondent.

     The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules,

     Now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon,

     It is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements.

     THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

          ENTERED: MARCH 29, 2018

                      _____
                      DEPUTY CLERK

114



4. (282) pga

## State of New York
## Court of Appeals

John P. Asiello
Chief Clerk and
Legal Counsel to the Court

Clerk's Office
20 Eagle Street
Albany, New York 12207-1095

Decided June 7, 2018

SD 27

In the Matter of Carl D. Wells,
    Appellant,

v.

Warden Ada Pressley, et al.,
    Respondents.

Appeal dismissed without costs, by the Court sua sponte, upon the ground that no substantial constitutional question is directly involved.

Judge Feinman took no part.

# State of New York
## Court of Appeals

*Decided and Entered on the*
*seventh day of June, 2018*

**Present,** Hon. Janet DiFiore, *Chief Judge, presiding.*

SSD 27

In the Matter of Carl D. Wells,
   Appellant,
  v.
Warden Ada Pressley, et al.,
   Respondents.

 Appellant having appealed to the Court of Appeals in the above title;

 Upon the papers filed and due deliberation, it is

 ORDERED, that the appeal is dismissed without costs, by the Court sua sponte, upon the ground that no substantial constitutional question is directly involved.

Judge Feinman took no part.

John P. Asiello
Clerk of the Court

NEW YORK STATE : COURT OF APPEALS
Chief Clerk, Mr. John P. Asiello, (j)
20 Eagle Street
Albany, New York
12207-1095

APP (#1)

RE: Matter of Wells v. Presley, et. al.
App. Div. O.P. No. 134/17
N.Y. Co. Ind. No's 6548/06, 0041/07

Dear Mr. Asiello:

Respectfully, I am the Pro-se Petitioner, Carl
Wells. I am submitting this Response in opposition to the Respondent,
(ADA)_* John T. Hughes, and his Opposing Brief received by me on the
5th of December, 2018, located at my new Facility, (RNDC) at 11-11
Hazen Street, East Elmhurst, Ny 11370.

1. The Petitioner request that this Court issue an emergency Stay on
   a Lawyers Conflict, (ADA) Courtney Groves and The People's moving
   Petitioner into a Trial as of, January 3rd, 2019, as this Court's
   Jurisdictional Review is pending. Moreover, The Same Assistant
   District Attorney, (ADA) Courtney Groves, thats subject of Newly
   Exhibited Evidence, i.e., Transcripts dated, October 2nd, 2018,
   Before Hon. Justice Curtis Farber, N.Y. County, Part (TAP-B),
   is leading Assistant District Attorney in trial proceedings.

2. It is requested that this Court Grant an emergence Stay due to
   this (ADA), Ms. Grove attempting to preclude a related issue thats
   before this Court. Moreover, a issue that, if granted by this
   Court, would create a Collateral Esstoppel to any mention of said
   issue. It is claimed that (ADA) Groves made a stipulation without
   knowledge of this Petitioner with, Hon. Judge Conviser, and Ms. Toni
   Messina, that the Jury, In Jury Selections and Trial Proceedings
   would be told that, "THE 12 YEAR DELAY IS ATTRIBUTED/AND OR IS NOT
   THE FAULT OF EITHER THE PROSECUTION/GOVERNMENT". The first state-
   ment took place on, Jan 10th, 2019, and a Second Time on, Jan 11th,
   2019, that caused a recusal request by the defense, also, Disquali-
   fication Motion sent to the Administrative Judge of 111 Centre St.

3. Moreover, A Supreme Court Justice cannot lie to potential jurors.
   (SEE: EXHIBIT (A): MOTION TO DISQUALIFY)*

- I am claiming Prosecutorial Misconduct, (See; People v. Savvides, 1 NY2d 554 (1954). In that, this was an intentional act by (ADA) Groves to get around an Esstoppel Issue, upon any final ruling by this Court. Simply put, (ADA) Groves should have told the Justice on, January 3rd, 2019, before the starting of any trial, and/or upon such stipulation, that a parallel issue exist within the NYS Court of Appeals, in which a Statement that she made during a regular court proceeding on, Oct 2nd, 2018, is pending in the High Court on Habeas Corpus.

4. The Respondent is without understanding that a Constitutional Governmental Delay issue is before this Court, with a Prosecutorial related question, after Newly Discovered Evidence came out of the mouth of (ADA) Courtney Groves, admitting to guilt of the New York County Prosecutions Office, for not telling anyone for years that they always have known where the aa Missing Files/Boxes were. Newly Discovered facts! Yet, the Respondent never rebutted the Interest of Justice Standard within, (CPLR 2221 Subd (e), and the Judges ability to relax the requirements in his decision).

5. The Respondent's continue to run from the central issue and this Court should, (1). Stay The Lower Court Trial located in, Part 95, 111 Centre Stree, Before Judge Conviser, and (2). Grant a hearing, and/or request that the Respondent's rebut said issues on their merits, or (3). Grant Writ of Habeas Corpus and Dismiss said Indictment's Due to Prosecutorial Misconduct/Negligence, that Cause a Governmental, Prosecutorial Delay of more than (6) Six Years.

> WHEREFORE, THE PETITIONER PRAYS FOR AN ORDER GRANTING ANY RELIEF THAT THIS COURT DEEMS, JUST, PROPER AND EQUITABLE.

By, Petitioner, Carl Wells
(B & G#895150-1236)
RNDC FACILITY, 11-11 Hazen
Street, East Elmhurst, Ny
11370

TO: (ADA) JOHN T. HUGHES,
APPEALS BUREAU,
ONE HOGAN PLACE, NY,
NY. 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : PART_____
----------------------------------------------X
The People of The State of New York

         Respondent's

       -against-

CARL WELLS,

       Defendant, Pro-se.
----------------------------------------------X
SIR/MADAM:

**NOTICE OF MOTION TO DISQUALIFY HON. JUDGE CONVISER, Part (95). JUDICIAL LAW §14, AND; §100.3(A)(4)(9)(b)], Recusal Requested.**

Indict #'s0041/07
       6548/06

Hon. Judge ELLEN BIBEN*

     **PLEASE TAKE NOTICE,** that upon the annexed Affidavit of, CARL WELLS, being duly sworn under oath and pursuant to all prior proceedings--- held herein, the undersigned will move this Administrative Supreme Court Justice, located at __100__ Centre St, Courthouse, Ny Ny 10013, On The 18th Day of January, 2019, or as soon thereafter as Counsel may be heard, For A Set of Orders, Forcing, Justice Conviser In Part (95) To Recuse himself and/or for this Court to Disqualify this Judge and assign this case to a new Justice of this Court, Ordering a Mistrial due to comments that would affect the outcome of this case, and or any other and further relief that this Court may deem, Just, Proper and equitable.

Dated: January 11th, 2019
Bronx County, New York State.

                    By; Carl Wells, Defendant
                         Pro-se

                          Signature

TO: Hon. Cyrus Vance Jr.,
    NY COUNTY D'A

T.O: Defense Counsel,
    Toni Messina, Esq

TO: HON. LAWRENCE MARKS,
    CHIEF ADMINISTRATIVE JUDGE
    FOR NEW YORK STATE.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : PART _____
------------------------------------X
The People of The State of New york

        Respondent(s),

    -against-

  CARL WELLS,

        Defendant, Pro-se.
------------------------------------X
STATE OF NEW YORK)
         ) SS.:
COUNTY OF BRONX )

AFFIDAVIT IN SUPPORT TO,
NOTICE OF MOTION TO
DISQUALIFY HON. JUDGE
CONVISER, Part (95).
JUDICIAL LAW §14, AND;
§100.3(A)(4)(9)(b)],
Recusal Requested.

Indict #'s 0041/07
       6548/06

Hon. Judge_____

        CARL WELLS, being duly sworn, deposes and says that:

1.  I am the defendant and have been assigned counsel in this case
by the name of, Toni Messina, Esq. I am claiming that this Att-
orney is under, Srickland, 466 US 668, and Baldi, 54 NY2d 137,
concerning this allication, therefore, it is being made by, Pro-
Se Motion. I am fully familiar with the facts herein.

2.  The defendant started jury selection proceedings in Part (95),
and upon the numerous complaint's made by potential juror's,
concerning a 12-year delay in taking defendant back to trial,
the Court, Judge Conviser made the following statement to some
questions, as follows: DATED: JANUARY 10th, 2019, First.,
"Why is this case 12-years old?" QUoting: "All I can tell you
is that it's no fault of either the People or Defense".

3.  After the jury left, I objected and claimed that he lied to
the jury, that the Government/Prosecution, and/or Clerks, through
Negligence, caused the delay by lost Boxes of files.

Judge Conviser said, *inter-alia, that "defense counsel and the
district attorney conceded to this statement to equal the issue."

4. On January 11th, 2019, during jury selections, once again, jurors were having problems with the 12-year delay and asking why, also claimed that they could not get around this issue without a reason for the delay? Once again, Judge Conviser instructed them as before, "The People nor Defense had anything to do with this delay, thats all I can tell you". I objected and moved for a Mistrial, also, without my lawyers input, after the jury was removed, also made an application for Judge Conviser to recuse himself.

5. Judge Conviser stated that he had no reason to and denied Mistrial Application. Judge Conviser ask me why it mattered if the jury did not know the reason for the delay? I explained to him that, If the Jury hears that the delay of 4 to six years was on the Government in losing my files, then, it should be possible for them to find that the defendant, may be guilty, yet, has done enough time due to Governmental Delay, 8½ years on Rikers Island, and 4-years Up-State. Judge Conviser cannot tell a jury false/lies, nor make stipulations with Attorney's that amounts to false lies to a jury in Jury Selections. At any time the truth comes out, this Judge has infact lied. I'm requesting that this Court read all transcripts dated, Octobor 2nd, 2018, Farber (j), Part Tap-8, January 3rd, 2019, Parts Tap 8 & Part 95 111 Centre Street, Ny Ny 10013 and, 4th, 7th, 8th, 9th, 10th & 11th of January, 2019, as the errors amount to a denial of a fair & impartial Trial. Moreover, the Courts comments should not be swayed by anything other than the merits of the case. People v. Rowley, 48 Misc.2d 26, also see, Van Schaick v. Carr, 159 Misc. 873 (1936) (NY COUNTY*).

6. I am requesting that this Court Grant A Mistrial for Judge Conviser lieing to a Jury Panel during jurying selection questioning. WHEREFORE, THIS DEFENDANT PRAYS FOR RELIEF GRANTING APPLICATIONS, and any other relef Just, Proper and Equitable.

SWORN TO BEFORE ME THIS 11th
DAY OF JANUARY, 2019.

_____
Signature

NOTARY PUBLIC

FATAI O LAWAL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LA6135560
Qualified in Queens County
My Commission Expires October 24, 20 21

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF <u>BRONX</u>  ) ss:

I, <u>CARL WELLS</u>, being duly sworn deposes and says:

That I have on the <u>12Th</u> day of <u>January</u>, 20 <u>19</u>, placed and

submitted the original and copies of this motion to be duly mailed via the United States

Postal Service, through the institutional mailroom of the <u>RNDC 11-11 Hazen St,</u>
<u>East Elmhurst, Ny 11370,</u>
Correctional Facility. Said moving papers were mailed to the following concerned
   Reply To Opposing Pappers, Wells v. Pressley,
parties:             NYS COURT OF APPEALS : HABEAS CORPUS,

Commissioner & Superintendent
NYS Department of Correction
State Office Building campus
Building #2
1220 Washington Avenue
Albany, New York 12226 - 2050

NEW YORK STATE COURT OF APPEALS
Chief Clerk : John P. Asiello,
20 Eagle Street,
Albany, Ny 12207-1095

NEW YORK COUNTYH DISTRICT
ATTORNEY'S OFFICE, APPEALS
BUREAL, ONE HOGAN PLACE,
NEW YORK, NY 10013.

Supreme Court

County

Yours, etc...

DEFENDANT
Carl Wells Petitioner

Sworn to before me this
12 day of January, 20 19.

NOTARY PUBLIC / COMMISSIONER OF DEEDS

ADJANIE CRUZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CR6382139
Qualified in Bronx County
Commission Expires October 22, 2022

3

6.

NO. 2018-1144
NEW YORK STATE: COURT OF APPEALS

Ind. No.'s 0041/07 & 6548/06
App. Div. No. 134-17 First Dept.
NEW YORK STATE

IN THE

SUPREME COURT OF THE UNITED STATES

CARL WELLS - PETITIONER

VS.

Warden, (Ada) Pressley, et. al. - RESPONDENT(S)

MOTION FOR LEAVE TO FILE THE PETITION "OUT OF TIME"

The petitioner asks leave to file the attached petition for a out-of-time writ of certiorari.

Please check the appropriate boxes:

☐ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

The New York State Court of Appeals.

The N.Y.S. Supreme Court Appellate Division First Department.

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☐ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

## AFFIDAVIT OR DECLARATION

1. In support of Motion to File Petition Out of Time, I, Carl Wells, am the petitioner in the above - entitled case. In support of my motion to file petition out-of-time, I state that: (1), the lower court's determination is erroneous and a violation of statutory law pursuant to, NY McKinney's, Civil Procedure Law and Rules (C.P.L.R.), §2221 subdivision (#) and it's Rules concerning, "Interest of Justice" Rulings.

2. <u>See</u>, <u>Mejia v. Nanni</u>, **304 A.D.3d 870 (1st Dept 2003),** cited in Petitioner's Notice of Motion to Reargue/Renew in the Interest of Justice, dated Nov. 10th, 2018, with attached Affidavit in Support. (See: **Exhibit (A); (11 of 11 pages)** with included cover page letter dated, 10-31-18. (See **Exhibit (B); Letter dated,** June 26th, 2017, also see; **Exhibit (C);** "Affirmation in Opposition to Defendant's Motion).

3. The very reason that the petitioner Reargue/Renewed his writ is due to a set of events; two of which happens to detail the issue. (A). On October 31st, 2018, located in Part Tap (B), before the Hon. Judge Curtis Farber. (ADA) Courtney Groves turned over duplicate copies of the court files, w/a discovery list of a <u>157</u> items listed. (B). On Oct. <u>2nd</u>, 2018, (ADA) Courtney Groves admitted to guilt by his office. Including newly discovered evidence, claiming that "Her Office always knew where the files were. (See **Exhibit (D):** Transcript - October 2nd, 2018, pages (1 & 10).) Also see, Certiorari Appendix (F), letter to, N.Y.S. Court of Appeals, In RE: **Wells v. Pressley,** et. al. w/ attached exhibit motion

to disqualify Hon. Judge Conviser, PT 95, 111 Centre Street, NY, NY dated January 11th, 2019.

4. The reason for reconsideration: The issue of Governmental Delay was brought back into light; N.Y. State Office of Court Administration dated, June 26, 2017, claiming that "duplicate copies of the court files is located in Part Tap (B)". Etc.? Why is it that 16 months went past, until Oct. 31st, 2018, until a trial took place. Not to mention the fact that, (ADA) Robert Walker was removed on Sept. 6th, 2018 by his supervisor for "Wrong Doings", like, telling the truth, that "the files were lost again", May 2017.

5. (CPLR) 2221(e), Has been used in many criminal matters to Renew/Reargue, by "Relaxing the requirements and granting relief in the "Interest of Justice". Yet, newly discovered facts were produced. Therefore, justifying the instant writ for reconsideration, the petitioner was not and is not "Out of Time".

6. A fundamental miscarriage of Justice has taken place by the 7 year delay, due to lost files that were never found. Everything was missing in the erroneous trial and the petitioner is requesting emergency review jurisdiction under "Compelling Reasons", Rule 10, Sup. Ct., also, Sup. Ct. Rule 20, "Extraordinary Writ" pursuant to, 28 U.S.C. § 1651(a). Moreover, a request to actuate jurisdiction under, 28 U.S.C. § 2254(a), and Grant Habeas Corpus Relief.

7. I declare under penalty of perjury that the

foregoing is true and correct. [28 **U.S.C.** § **1746**].

Executed on: May ___, 2019
Stormville, New York 12582


---------------------------------
Signature Pro Se.

7.



**OAD** OFFICE OF THE
APPELLATE
DEFENDER

11 Park Place, Suite 1601, New York, NY 10007 | Tel. 212 402 4100 | Fax 212 402 4199
oadnyc.org  fb.com/oadnyc  @oad_nyc

Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, NY 10010

January 19, 2023

Re: *People v. Carl Wells*
<u>N.Y. Indictment Numbers 6548/06 & 41/07</u>

Dear Ms. Rojas:

Upon review of the file in the above-referenced case, we identified that the following documents were missing from the record initially provided to us:

- VDF,
- Omnibus Decision and Order,
- Notice of Omnibus Motion, and
- DA's Response to Omnibus Motion.

We received the missing documents on April 13, 2022 and deem the record almost complete as of that date.

Sincerely,

David Bernstein
Managing Attorney

By: Alan J. Litwa

Cc:   N.Y. District Attorney
danyappeals@dany.nyc.gov

# SL 032



**OAD** | OFFICE OF THE
APPELLATE
DEFENDER

11 Park Place, Suite 1601, New York, NY 10007 | Tel. 212 402 4100 | Fax 212 402 4199
oadnyc.org ▪ fb.com/oadnyc ▪ @oad_nyc

Hon. Lewis J. Liman
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Paul Lyons, Assistant Attorney General

*By email to* paul.lyons@ag.ny.gov

January 26, 2023

Re: *People v. Carl Wells*, N.Y. Ind. Nos. 6548/06, 41/07

Dear Judge Liman:

Mr. Lyons has indicated that Your Honor was requesting an update on the status of Mr. Wells's appeal for the above-referenced New York County conviction. Unfortunately, the Appellate Division First Department, which assigned the Office of the Appellate Defender ("OAD") to represent Mr. Wells on this appeal more than three years ago, has still not provided us with a fully complete record on appeal. To date, and in piecemeal fashion, we have been provided with thousands of pages of transcripts and record papers, and yet we are still missing an entire day of the *voir dire* (and possibly evidentiary arguments) that preceded opening arguments, as well as a handful of the motions filed in or decisions issued by the trial court. In the interim, we have collected hearing and trial exhibits from the prosecution and the trial attorney's voluminous file.

We are hopeful that the Appellate Division will provide us with the missing materials in the coming months, and optimistic that we will be assigning the case to an attorney upon receipt of those materials, if not earlier.

I am happy to answer any other questions Your Honor may have about this case, and can be reached by telephone at 212-402-4100, ext. 41.

1

**SL 033**

Sincerely,

David Bernstein
Deputy Attorney in Charge

Cc:
Mr. Carl Wells

SL 034

9.

EXHIBIT

# CENTER FOR APPELLATE LITIGATION

74 TRINITY PLACE - 11TH FLOOR, NEW YORK, NY 10006 TEL. (212) 577-2523 FAX 577-2535

*ATTORNEY-IN-CHARGE*
ROBERT S. DEAN
*DEPUTY ATTORNEY-IN-CHARGE*
ELAINE E. FRIEDMAN
*ASSISTANT ATTORNEY-IN-CHARGE*
MARK W. ZENO
*SENIOR SUPERVISING ATTORNEYS*
ABIGAIL EVERETT
BARBARA ZOLOT
*SUPERVISING ATTORNEYS*
DAVID KLEM
CLAUDIA S. TRUPP

*SUPERVISING ATTORNEY*
CLAUDIA S. TRUPP
(212) 577-2523 EXT. 512
ctrupp@cfal.org

Daily news
Post news 4.3.14
Korkanski

April 2, 2012

U.S. Sup Ct
Ct. of Appeals
(S.D.N.Y.) Motion
Filed Mar. 2017

I had Transcript at Reconstruction Hearing

Mr. Carl Wells
11-A-1747
Attica Correctional Facility
639 Exchange Street
Attica, New York 14011-0149

Dear Mr. Wells:

I am an attorney with the Center for Appellate Litigation and I have been assigned to represent you on your direct appeal. Today, on April 2, 2012, I filed a motion for a reconstruction hearing to reconstruct a portion of the Mapp/Wade/Huntley hearing in your case. Enclosed please find a copy of the motion for your records.

I am writing to explain to you why we moved for a reconstruction hearing. When we received your record, the minutes from the arguments made on December 17, 2008 during the Mapp/Wade/Huntley hearing were missing. Instead, the record contained an affidavit from the Court Reporters' Office, stating that the court reporter responsible for transcribing the minutes of your hearing on December 17, 2008 has not been at work since March 17, 2011 and, as such, the Court Reporters' Office has been unable to obtain the portion of the transcript from that date.

In order to identify any appealable issues in your case, it is important to learn what arguments were made during your hearing on December 17, 2008. For this reason, we filed a motion requesting that the First Department order a reconstruction hearing. If the court grants the motion, we will have a hearing at which you will be present. During the hearing, both the parties will try to "reconstruct" what happened on December 17, 2008, by calling witnesses who were present on that date and relying on any notes or documents from that hearing. There is also the possibility that in response to the motion, the court reporter may produce the minutes.

I will keep you apprised of the status of our motion and of any other new developments related to your appeal. If you have any questions or concerns in the meantime, please do not hesitate to write me.

Very truly yours,

Claudia Trupp

McGRATH
(——————)

# CENTER FOR APPELLATE LITIGATION

74 TRINITY PLACE - 11TH FLOOR, NEW YORK, NY 10006 TEL. (212) 577-2523 FAX 577-2535

May 1, 2013

Mr. Carl Wells
DIN 11-A-1747
Attica Correctional Facility
639 Exchange St.
Attica, NY 14011-0149

Dear Mr. Wells:

I am writing in response to your letter dated 4/24/13. Thank you for your kind thoughts.

I believe that I have found the Bellevue hospital records that you asked for previously. I have made copies of those records for our files, and am now returning the originals to you. They are enclosed. If I sent you the wrong records, please contact me, and I will do my best to find the correct ones.

You asked how many extensions a court reporter has, to transcribe the minutes. As far as I know, court reporters are not granted a set amount of extensions. However, because court reporters are paid by the page for minutes that they transcribe, they are motivated to transcribe as many minutes as they can, as quickly as possible.

You also asked about how we will use the affidavits by the court reporters about certain dates, regarding their inability to find those minutes. We are not yet sure how we will be able to use those affidavits. For instance, one issue we are exploring is whether there is a constitutional speedy trial claim. We may be able to raise that issue even without knowing what is in the missing minutes.

However, there are ways that we can use those affidavits: if enough records and minutes are missing that we are unable to effectively represent you on appeal, then we can argue that the Appellate Division must vacate your plea. Otherwise, your right to an appeal has been harmed. This argument will be strengthened by the fact that the court lost two big boxes of records relating to your case. The loss of those records is referenced in the minutes of your reconstruction hearing.

As of right now, however, while we may be able to use the affidavits on appeal, we do not see a way to use them as part of a motion for post-conviction relief.

I have not done sufficient research to answer your question about how Mr. Fenstermaker's interjections will affect your other claims. It may be that his interjections will

affect your <u>Faretta</u> claim, or a claim involving your right to proceed <u>pro se</u>. However, without a complete record, I cannot answer those questions at this time.

You also asked about your 30.30 motion. A defendant technically waives all of his arguments relating to a 30.30 motion if he pleads guilty. I believe I understand your question, about how Mr. Fenstermaker's request for transcripts, and how the court's request to re-order your transcripts, would affect the 30.30 motion calculations. Unfortunately, even those claims are waived by a guilty plea. However, in my April 17, 2013, letter, I noted that we can still raise a related claim: that your plea was involuntary because you believed that you could still argue your 30.30 motion after the plea was taken. If that argument succeeds, then your plea will be vacated, and you will be remanded to trial court, where you will be able to make your 30.30 motion argument, including the arguments you outlined to us in your correspondence.

Thank you very much for your thoughts and well-wishes. I hope you are well.

Very truly yours,

Claudia Trupp

#11. (4ᵗʰ)

EXHIBIT: 

EX

1  SUPREME COURT STATE OF NEW YORK

2  COUNTY OF NEW YORK  CRIMINAL TERM PART: 32

3  ------------------------------------X

4  THE PEOPLE OF THE STATE OF NEW YORK        Indict No.:
                                                6548/06
5                                               41/07

6            -against-

7                                             Calendar Call
   CARL WELLS,
8                      Defendant
   ------------------------------------X

9                           100 Centre Street
                            New York, New York
10                          September 18, 2012

11

12  B E F O R E:
                        THE HONORABLE GREGORY CARRO, Justice

13

14  A P P E A R A N C E S:

15        CYRUS VANCE, JR., ESQ.,
          District Attorney, New York County
16        One Hogan Place
          BY: ROBERT WALKER, ESQ.
17        Assistant District Attorney

18
          CENTER FOR APPELLATE LITIGATION
19        74 Trinity Place
          New York, New York
20        BY: CLAUDIA TRUPP, ESQ.,
          Attorney for Defendant
21        Carl Wells

22

23

24

25

                        Sheila Wesley
                   Senior Court Reporter

PROCEEDINGS

1    COURT CLERK: This is going to be number three and

2    four on the calendar, 6548 of '06 and 41 of '07, Carl Wells.

3    MS. TRUPP: Claudia Trupp, T-R-U-P-P. Center for

4    Appellate Litigation on behalf of Mr. Wells.

5    Good morning, your Honor.

6    THE COURT: Good morning.

7    MR. WALKER: Robert Walker for the People. Good

8    morning.

9    Your Honor, I know on the last date the defense

10    counsel had filed an affidavit stating that there was an

11    affidavit from a reporter Huntington that they were unable

12    to locate the notes from December 17, 2008. But as we had

13    previously stated, December 17, 2008 was just an adjourn

14    date and that was handled by a reporter Kochanski and that

15    had been misfiled because I know somehow the main files were

16    missing. We had already provided those minutes so there are

17    no additional minutes from that date, it was just put over.

18    The other five days on which the hearing was on, we had

19    provided last time and the time before that so those are the

20    only dates that I think should be concentrated on. We're

21    just trying to reconstruct that hearing.

22    MS. TRUPP: Your Honor, we're in receipt of both

23    the affidavit, the minutes from December 17, 2008 as well as

24    the affidavit from Denise N. Huntington of the court

25    reporter services saying there were no notes and

PROCEEDINGS

1    Mr. Kochanski's alleged transcript from that day.  Obviously

2    it's a little confusing, one says there is no notes, one

3    provides a transcript.

4        In addition, there is a problem as we previously

5    discussed that we have lost two bankers boxes full of

6    documents both with respect to this case, at this point we

7    don't feel that there is anything more that the court can do

8    to reconstruct beyond the efforts that the parties have made

9    to date.

10       We have received your Honor's decisions on the

11   matter.  We have made attempts to be in touch with the

12   standby counsel, as your Honor is aware, that well proceeded

13   pro se so there is really nothing further that the court can

14   do at this time and what we're going to have to do, as your

15   Honor suggested, order every single date of his proceedings

16   and expand the judgment ruling to include those so that's

17   how we intend to proceed at this time.  There is no further

18   movement in obtaining further records from all the various

19   records that we've pursued; contacting the defense attorney,

20   you know we requested every exhibit from the prosecution, at

21   this point we believe that further efforts on the part of

22   the court and on the part of the parties are futile and we

23   would like an order to that effect so we can

24   ordering every court date and expanding the

25   Honor suggested.

PROCEEDINGS

1      THE COURT: So ordered. Do you have an order?

2      MS. TRUPP: If you can just say so ordered and

3  I'll order the minutes.

4      THE COURT: So ordered.

5      MS. TRUPP: Well, is there anything you would like

6  to put on the record at this time?

7      Just to be clear with respect to both the boxes

8  and the minutes, there is no further efforts that can be

9  productive at this time?

10      THE COURT: That's correct.

11      MS. TRUPP: Thank you, your Honor.

12      (Proceedings concluded.)

13

14              C E R T I F I C A T E

15

16      I, Sheila Wesley, Senior Court Reporter, of the State of
    New York, do hereby certify that the foregoing is a true and
17  accurate transcript of my stenographic notes.

18

19      [signature: Sheila Wesley]

20

21

22

23

24

25

## NEW YORK STATE UNIFIED COURT SYSTEM
### *JUDICIAL COMPLAINT*

JUNE 11TH, 2012

TO: U.S. COURT OF APPEAL'S
FOR THE SECOND CIRCUIT
CHIEF JUDGE : HON. DENNIS JACOBS, (j).

TO: U.S. DISTRICT COURTHOUSE
SOUTHERN DISTRICT OF NEW YORK
(U.S.D.J.) JOHN KOELTL, (j).

TO: NEW YORK STATE : COURT OF APPEAL'S
(CHAMBER'S : HON. JONATHAN LIPPMAN),
CHIEF JUDGE

TO: WASHTENAW COUNTY COURTHOUSE
STATE OF MICHIGAN
22ND CIRCUIT : CHAMBER'S
HON. DONALD E. SHELTON, (j).

TO: MAYOR MICHAEL BLOOMBERG
CITY HALL, N.Y.C. 10007

RE: CARL DOUGLAS WELLS (N.Y. COUNTY IND. NOS: 6548/06, 41/07)
(NYSID#: 059157945/DIN#11A1747)

SUBJECT: JUDICIAL CONSPIRACY * MANUFACTURED STENOGRAPHIC NOTES, DISKS
AND TRANSCRIPT'S * FOUL PLAY * DELAYED DIRECT APPEAL *

---

HONORABLE SIRS:

PLEASE BE ADVISED, that upon written notice dated,
April 2, 2012, and from assigned (18-B COUNSEL), Robert S. Dean, Esq.,
I was advised that a motion was filed "today, on April 2nd, 2012", to
reconstruct a portion of an Mapp/Wade/Huntley hearing related to the
above indictment's and my conviction and appeal.

It should be noted that before this letter was mailed to me, I was not
advised by the Office of Robert S. Dean, who was assigned to perfect my
appeal. I found out by this letter, with a enclosed motion, that I was
being represented by, Supervising Attorney, Claudia S. Trupp, Esq. SEE:
EXHIBIT (A). LETTER DATED 4/2/2012.

After I reviewed the notice of motion and supporting affidavit, along
with attached exhibit's. I reviewed an exhibit called an "Affidavit"
By Leslie Greaves of 111 Centre Streets, Court Reporter's Office and
dated, 9-27-11. SEE: EXHIBIT (B). In short, this letter noted that
Mr. Daniel Kochanski has not been present at work since March 17th,
2011, "Moreover, this office has made a concerted effort in trying to
locate Mr. Kochanski's Stenographic notes and/or disks" Etc.

I also reviewed another exhibit dated, March 29th, 2012, a set of three separate letters under one exhibit, all dated the same and the same wording within. These letters only referenced the fact that "we are unable to locate the stenographic notes and disks of the court reporter who was present." Yet, attached Ms. Greaves Affidavit. The letters were addressed to, "Hon. Judge Gregory Carro, N.Y. County, Part 32, See; Exhibit (C), also to, Robert Harold, Legal Aid Society, and New York County District Attorney's Office, Appeal's Bureau.

I was very up-set with the fact that I was not asked for my notes and/ or memory of what took place since I represented myself in these hearings. Infact, Robert Harold did not say a word, at all! This was a flag to me. You see, on November 24th, 2008, the date after (ADA) Fistel took the stand concerning claims of manufactured document's, arrest event's etc., I made numerous request to call a Bronx (ADA) to the stand concerning his signature, involvement with deferring my arrest from the Bronx to Manhattan. I made motions concerning Double Jeopardy and Judge Carro scheduled the next date of, December 17th, 2008. SEE: EXHIBIT (D). Hearing Transcript's dated, Nov 24th, 2008, pages 24, 25, 26 & 29.

Since I had a pending-appeal in the First Dept App. Div., (Bronx County Docket No.: 65936-06), and filed Brief's by, Adrienne Hale, Esq., of the Legal Aid Society and my own Pro-se Supplemental Brief related to the Deferred Arrest event. I mailed a pro-se motion dated, 4-23-2012, requesting a Reconstruction Hearing"/"Consolidation" with the pending New York County Reconstruction Motion request. I mailed the original to the First Dept Clerk, and copies to, Bronx (ADA'S) Nancy Killian, also, Megan R. Roberts and Adrienne Hale, and received letters of the receipt, except from the 1st Dept Clerk. I received a copy of a decision by the First Department, #7743 Docket#65925/06, affirming, by letter dated, May 30, 2012, from Ms. Hale's Office. My pro-se reconstruction motion was not filed by the court clerk?

SEE: EXHIBIT (E): DECISION & ORDER DATED MAY 8TH, 2012 BY 1ST DEPT.
APP. DIV. GRANTING RECONSTRUCTION HEARING.*

I received my last letter dated, June 1st, 2012, from Claudia Trupp.
She went from this court reporter missing for a year (+), to her going
to a hearing, without speaking to me to date, by herself and scheduled
for June 20th, 2012, and speaking to this missing person who has pro-
duced "minutes in several of these cases, including himself", therefore,
precluding the need for a 'reconstruction hearing.?

I have made some very foolish decisions, yet, have been through more
in New York's Judicial System)thenany other Citizen of the United States,
or this State, including being lied to by corporate attorney's to stop
me from obtaining millions of dollars. I never trusted a lawyer since.
Yet, after learning the law & rules of both criminal & civil litigation,
I found out that I enjoyed it and it gave me a respect for the law. I
play it like a chess game and i'm damn good now.

Yet, within this system, in New York State, these courts must follow
the rules of the game. If the rules are broken, the system is also
broken and that creates a weak minded individual playing the game. It
does not take alot of thinking to understand the foul play in these
listed events(I understand fully and considering the fact that Judge
Carro and the Manhattan D'A calculated speedy trial time with this-so
called set of transcripts, granted a C&L 30.30 motion and then vacated
the order to read it as I was forced to plea or trial. Also, consider-
ing how I was left inside a bull pin all day as pro se proceedings were
being conducted, without my presence. Well, this is yet another compl-
aint that I should not have to make. WHY? SEE: PEOPLE V.HALL, 608 NYS2d
589.*

Yours, Etc.

Carl D. Wells/ 11A1747
Signature

CC: FILE
ATTY ADRIENNE HALE
ATTY CLAUDIA TRUPP

B. C⁴⁵⁸⁾ᵖ˙    (F) Exhibit    App - 6

```
 1   SUPREME COURT OF THE STATE OF NEW YORK

 2   COUNTY OF NEW YORK : CRIMINAL TERM : PART 39

 3   --------------------------------------------X

 4   THE PEOPLE OF THE STATE OF NEW YORK      :Ind. Nos:-07
                                              6548-06,0041
 5              - against -                   :

 6   CARL WELLS,                              ROBBERY 1
                                              :
 7              Defendant.                    PROCEEDINGS
                                              :
 8   --------------------------------------------x

 9                         100 Centre Street
                           New York, New York  10013
10                         October 2, 2018

11   B E F O R E :

12                    HONORABLE CURTIS J. FARBER,
                          Justice Supreme Court.
13
     A P P E A R A N C E S :
14
        For the People:
15          CYRUS R. VANCE, JR., ESQ.
            District Attorney - New York County
16          BY: COURTNEY GROVES, ESQ.
                Assistant District Attorney
17
        For the Defendant:
18          TONI MESSINA, ESQ.
            DANIELLE VON LEHMAN, ESQ.
19               (Assigned 18-B Counsel.)

20
                     ELLEN S. BRUNO
21                   SENIOR COURT REPORTER

22

23

24

25
```

Proceedings

1    even a third of what he had listed in his Rosario

2    materials.

3              What happened subsequent to that, I received a

4    disk which appears to have everything listed on the

5    People's Rosario list. And I provided it to Mr. Wells.

6              Mr. Wells was concerned that this disk was

7    invented in some way. And --

8              THE DEFENDANT: For the record -- for the

9    record --

10             THE COURT: Ms. Messina is speaking.

11             If you continue to interrupt, I will have you

12   removed.

13             THE DEFENDANT: It is a --

14             MS. MESSINA: That, based on the fact that he has

15   been in jail since 2006, and court records were lost, court

16   boxes were lost regarding his case, which stalled the

17   advancement of his appeal, that I believe he believes that

18   the People's records were lost as well at some point, and

19   the appearance of all these documents suddenly when it

20   appeared, it had been lost for some time. Maybe something

21   that was -- something was done that was improper or

22   illegal.

23             And he was asking for verification that what is

24   now on that disk is actually what the Rosario list depicts

25   from the People, that it is an authentic document. That's

Proceedings

1    one thing.

2                MS. GROVES:  Can I address that?

3                THE COURT:  Do it one at a time.

4                MS. MESSINA:  We sent my client a flash drive of

5    everything on that disk.

6                THE DEFENDANT:  I would like to be heard on this

7    issue, since I'm already involved in it.

8                THE COURT:  I will get to you in a moment.

9                MS. GROVES:  What I reviewed, and my conversations

10   with Mr. Walker, as Ms. Messina just stated, there was in

11   fact a missing, I believe, two boxes of court files that

12   were missing.  That did delay the delay the appeal back in

13   2012 to 2015.

14               But the People have never, have never not known

15   the location of the boxes related to this file.  They have

16   always been in the People's possession.  There are

17   communications in our file, internally, dating back to the

18   request for them.

19               There has never been a loss of boxes on the

20   People's part.

21               My understanding further from Mr. Walker regarding

22   the issue of asking Ms. Messina to obtain the Rosario from

23   prior counsel relates exactly to the argument that Mr.

24   Wells has put forth, that anything provided to him now was

25   merely being created and didn't exist previously.

Ellen S. Bruno - S.C.R.

1       THE DEFENDANT:  I guess ADA Fistel.

2       THE COURT:  Okay.

3       MS. GROVES:  Courtney Groves,

4   G-R-O-V-E-S, for the People.

5       What is it Mr. Fistel is being asked

6   testify about?

7       THE COURT:  His conversations with th

8   Bronx regarding the arrest of the defendant.  I

9   don't know.  Let's see what he has to say.

10      MS. GROVES:  The idea is we can

11  stipulate to something and we wouldn't need to

12  have Mr. Fistel testify.

13      THE COURT:  That would be nice, but

14  that's not going to happen, so --

15      THE WITNESS:  Sure.

16  M I C H A E L    F I S T E L,  called as a witness on

17      behalf of the Defense, having been first duly

18      sworn, testified as follows:

19      THE WITNESS:  I do.

20      COURT OFFICER:  Loud, clear voice stat

21  your name, spell your last name and give your

22  occupation.

23      THE WITNESS:  Michael Fistel,

24  F-I-S-T-E-L, I'm an assistant district attorney.

25

US16 11-A-1747
N HAVEN C.F.
594 Route 216,
Stormville, NY
12582
G-5-267



US POSTAGE $003.42
ZIP 12582
041M11486609

CLERK'S OFFICE
S.D.N.Y.
RECEIVED
MAY 19 2023

USM<sub></sub> SDNY

RECEIVED
MAY 19 2023
PRO SE OFFICE