```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
CARL D. WELLS,                                                  :
                                                                :
                                Petitioner,                     :
                                                                :      21-cv-11231 (LJL)
                -v-                                             :
                                                                :      MEMORANDUM &
SUPT MARK MILLER,                                               :      ORDER
                                                                :
                                Respondent.                     :
                                                                :
---------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Petitioner Carl D. Wells ("Petitioner") moves, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the judgment entered by this Court against him on March 27, 2023. Dkt. No. 86. For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

On February 1, 2019, Petitioner was convicted of four counts of robbery in the second degree—two counts in violation of New York Penal Law § 160.10(2)(b) and two counts in violation of New York Penal Law § 160.10(3). *See* Dkt. No. 1 at ECF pp. 21, 78–79; Dkt. No 46-3 at SR503–04. On February 26, 2019, Petitioner was adjudicated a persistent violent offender and sentenced to four concurrent terms of twenty years to life imprisonment. Dkt. No. 1 at ECF p. 21; *see also id.* ¶¶ 1–7. Petitioner appealed his conviction to the Appellate Division, First Department; the appeal has not yet been perfected. *See* Dkt. No. 1 ¶ 9(a); Dkt. No. 46 ¶ 3; Dkt. No. 79 at 1. Petitioner also filed a motion to vacate his judgment of conviction pursuant to New York State Criminal Procedure Law ("CPL") § 440.10 and a motion to set aside his sentence pursuant to CPL § 440.20, both *pro se*, both of which were denied on May 22, 2019. Dkt. No. 1 at ECF pp. 20–25; *id.* ¶ 11(a). Petitioner submitted a motion to renew or reargue the

motions made pursuant to CPL §§ 440.10 and 440.20, which was denied without an opinion on August 9, 2019.  Dkt. No. 1 ¶ 11(b); Dkt. No. 46-3 at SR533–541.

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 28, 2021 (the "Petition").  Dkt. No. 1.  Petitioner presented four grounds in his Petition for issuing a writ of habeas corpus:  (1) Petitioner is actually innocent, *see id.* ¶ 12; (2) the trial court lacked subject matter jurisdiction because "Petitioner was illegally detained" for trial and only "unconstitutionally obtained evidence" was presented to the Grand Jury, *see id.* (cleaned up); Dkt. No. 20 ¶ 2; (3) prosecutorial misconduct, *see* Dkt. No. 1 ¶ 12; and (4) lack of "meaningful representation," which the Court construed as an ineffective assistance of counsel claim, *see id.*; Dkt. No. 49 ¶ 2.

On February 1, 2022, having determined that the Petition should not be summarily dismissed, the Court ordered the Clerk of Court to serve a copy of the Petition on the New York Attorney General and ordered the New York Attorney General to file an answer and the transcripts and briefs identified in Rule 5(c) of the Rules Governing Section 2254.  Dkt. No. 9.  Respondent Superintendent Mark Miller ("Respondent") filed a motion to dismiss the Petition, or in the alternative for a more definite statement, on May 17, 2022, along with a supporting memorandum of law.  Dkt. No. 28.  Petitioner filed a motion to strike on June 7, 2022, and two affirmations in response to Respondent's motion to dismiss on June 7, 2022 and June 17, 2022.  *See* Dkt. Nos. 34, 35, 37.  Petitioner also submitted a letter to the Court, dated June 9, 2022, and requested that the letter supplement his "cross motion."  Dkt. No. 38.  Respondent submitted a reply memorandum of law in further support of his motion to dismiss on August 12, 2022, Dkt. No. 45, and a supporting declaration, which contained a partial record on appeal, that same day,

Dkt. No. 46. Petitioner submitted an affirmation in response to Respondent's reply on September 6, 2022. Dkt. No. 49.

By Order dated January 9, 2023, this Court directed the parties to submit supplemental letter briefing to address whether Petitioner's failure to exhaust his habeas claims should be excused and directed Respondent to provide an update on the status of Petitioner's direct appeal. Dkt. No. 64. Petitioner's letter brief was received on February 6, 2023, Dkt. No. 69, and Respondent's letter brief was filed on February 10, 2023, Dkt. No. 72. On February 21, 2023, the Court issued an Order directing Respondent to provide a further update on the status of Petitioner's appeal, Dkt. No. 73, which Respondent provided on March 24, 2023, Dkt. No. 79.

In an Opinion and Order dated March 27, 2023 ("March 27, 2023 Opinion"), the Court granted Respondent's motion to dismiss the Petition because Petitioner's direct appeal was still pending. Dkt. No. 81. After reviewing the case law addressing when a court may adjudicate a habeas petition, the Court found that the Petition was at best a mixed petition because Petitioner conceded that his "actual innocence" ground had not been exhausted, and thus the Court was precluded from hearing the Petition. *Id.* at 12. The Court rejected Petitioner's argument that his claims were all exhausted through his Section 440 motions, because the motions only raised "some but not all, of the claims that Petitioner raises here." *Id.* at 12 n.4.

The Court found that it was somewhat of a closer question whether the exhaustion requirement should be excused because of the delay in adjudicating Petitioner's direct appeal. *See id.* at 13–22. But the Court concluded that the factors annunciated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which the Second Circuit has held applies in determining whether a delayed appeal violates a petitioner's due process rights, weighed in favor of not excusing the exhaustion requirement at this stage. *Id.* (citing *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989)).

3

The Court found that the length of the delay in hearing Petitioner's direct appeal (approximately four years), the reason for the delay, and Petitioner's assertion of his right to an appeal weighed weakly in Petitioner's favor. *Id.* at 15–19.

However, the Court found that Petitioner had not demonstrated that the delay would prejudice his appeal, *id.* at 19–20, and that the interests of federal-state comity weighed heavily against the Court waiving the exhaustion requirement, *id.* at 20. Specifically, on March 24, 2023, in response to the Court's directive, Respondent submitted a letter to the Court indicating that the "chief impediment to completing the appellate record" was that "certain voir dire minutes had not been transcribed" but that Respondent had taken steps to expedite the transcription of the voir dire minutes, which was completed on March 21, 2023. Dkt. No. 79 at 1. Respondent's submission appended a letter from David Bernstein, the Deputy Attorney in Charge of the Office of Appellate Defender ("OAD"), Petitioner's appellate counsel, which confirmed that OAD had been provided with the voir dire minutes and that the "180-day clock to perfect an appeal . . . has begun to run as of 3/21/23." Dkt. No. 79-1 at 1. Because Petitioner's direct appeal was "finally on track for a merits assessment by the New York courts," Dkt. No. 81 at 21 (quoting *Roberites v. Colly*, 546 F. App'x 17, 20 (2d Cir. 2013)), the Court concluded that "the interests of federal-state comity require[d] that the New York state courts have the first opportunity to hear Petitioner's constitutional claims." *Id.* at 22. The Court thus declined to excuse the exhaustion requirement and dismissed the Petition "without prejudice to Petitioner filing a new petition after he has exhausted his state court remedies or, if the delays in Petitioner's appeal persist, to bringing a claim seeking conditional habeas relief based on a violation of Petitioner's due process rights as a result of the appellate delay."[1] *Id.*

---

[1] Notably, the Court found that Petitioner had not sought habeas relief for a violation of his due

4

Petitioner sent a letter dated March 28, 2023 to the Court. *See* Dkt. No. 85. The Court construed the letter as a motion for reconsideration and a motion to strike the March 21, 2023 letter of Mr. Bernstein.[2] *See id.* at 1. The Court denied both motions. *Id.*

Petitioner's motion to vacate the judgment was docketed on April 21, 2023.[3] Dkt. No. 86. Petitioner submitted a letter, dated April 15, 2023, requesting that the Court "assign the OAD to argue the Fed. R. Civ. P. 60(b)."[4] Dkt. No. 87 at 2. Respondent has not submitted a memorandum in opposition to Petitioner's motion.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) "sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). As relevant here, Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final

---

process rights as a result of the delay in adjudicating his direct appeal, which might have permitted the Court to fashion "a conditional order requiring a state court to hear the appeal within a specific period of time or release the prisoner." *Id.* at 14 n.5 (quoting *Simmons v. Reynolds*, 898 F.2d 865, 869–70 (2d Cir. 1990).

[2] In a letter dated May 29, 2023, Petitioner argued that he sent the letter before he had received a copy of the March 27, 2023 Opinion, and thus implicitly suggests that the letter could not have been a motion for reconsideration. *See* Dkt. No. 97 at 1. However, Petitioner was not granted leave to file a supplemental letter in opposition to the motion to dismiss, which became fully briefed on February 10, 2023, after Petitioner responded to the Court's order requesting supplemental briefing. In any event, nothing in the letter would have altered the reasoning or holding of the Court's March 27, 2023 Opinion.

[3] Although the motion was docketed on that date, the motion is dated April 6, 2023, Dkt. No. 86 at 8, and Petitioner submitted evidence, in the form of a disbursement, that he delivered the motion to a prison official on April 6, 2023, *see* Dkt. No. 89 at 4.

[4] Petitioner filed a "motion in support and supplemental addendum (appendix) to motion to vacate." Dkt. No. 96 (cleaned up). The Court did not grant leave to Petitioner to file additional briefing in support of his Rule 60(b) motion and thus this motion and supplemental addendum is not properly before the Court. In any event, the briefing largely either rehashes Petitioner's arguments in his Rule 60(b) motion or raises arguments that sound in habeas and thus are not properly before the Court on his Rule 60(b) motion, which moves to reconsider the Court's March 27, 2023 Opinion dismissing the Petition because Petitioner failed to exhaust his state-court remedies.

judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."[5] Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer*, 793 F.2d at 61. Thus, while a court must "do 'substantial justice,' . . . final judgments should not 'be lightly reopened,'" *id.* (citations omitted), and "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The party seeking relief from the judgment bears the burden of proving that such circumstances are exceptional. *Id.* Ultimately, "[t]he decision whether to grant such a motion rests within the district court's sound discretion." *Reese v. McGraw-Hill Companies, Inc.*, 293 F.R.D. 617, 621 (S.D.N.Y. 2013), *aff'd sub nom. Reese v. Bahash*, 574 F. App'x 21 (2d Cir. 2014). Because Petitioner proceeds *pro se*, the Court is obliged to construe his motion and submissions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted). *See Sankara v. City of New York*, 2019 WL 549018, at *2 (S.D.N.Y. Feb. 11, 2019) (applying this standard to a Rule 60(b) motion brought by a *pro se* plaintiff).

---

[5] Petitioner styles his motion as one brought pursuant to Federal Rule of Civil Procedure 60(b)(6). However, as the Supreme Court has held, "relief under Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001) ("[I]f the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."). All of Petitioner's arguments are properly characterized as arguments that the Court made either a mistake of fact or a mistake of law, both of which are cognizable under Rule 60(b)(1). *See Kemp*, 142 S. Ct. at 1865 (declining to interpret "'mistake' [in Rule 60(b)(1)] to exclude judicial errors of law"); *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003) ("[A] court has the authority to reopen a judgment based on its own mistake of fact."). Thus, the Court construes Petitioner's motion as brought pursuant to Rule 60(b)(1).

Petitioner makes several arguments that he should be relieved from the judgment dismissing his Petition. First, Petitioner argues that his appellate counsel has been ineffective, as demonstrated by his delayed appeal, and thus the Court should have excused the exhaustion requirement. Dkt. No. 86 ¶¶ 1–2. Relatedly, Petitioner suggests that OAD cannot perfect the appeal because it does not have all of his trial transcripts, that the Court erred by not conducting an evidentiary hearing to verify OAD's assertions that it could perfect his appeal, and that an evidentiary hearing is appropriate on this motion "to verify the truth concerning the Appealable Record." *Id.* ¶¶ 1, 4. Second, Petitioner argues that the Court should have attributed the delay in receiving the trial transcript to the state in its analysis of whether exhaustion should have been excused. *Id.* ¶ 3. Third, Petitioner argues that he satisfied the exhaustion requirements for all claims through his Section 440 motions and thus additional state review is not necessary for the Court to hear his Petition. *Id.* ¶ 6. Finally, he requests that "the issue of subject matter jurisdiction be reviewed on the merits" in this Court. *Id.* ¶ 8. None are persuasive.

The Court addressed Petitioner's second and third arguments directly in its March 27, 2023 Opinion. With respect to Petitioner's second argument, contrary to his assertion, the Court did attribute the delay in receiving the trial transcript to New York State. *See* Dkt. No. 81 at 18 (noting that the delay in obtaining the trial transcript was "attributable to the State"). Respondent represented to the Court that the delay in perfecting the appeal was the result of both the size of the appellate record and the difficulty in obtaining a missing portion of the voir dire transcript from a retired court reporter.[6] Dkt. No. 72 at 2–3. The Court thus found that the reasons for the delay were "fairly neutral" and did not weigh heavily against the government. Dkt. No. 81 at 18

---

[6] Respondent has taken action to facilitate the completion of Petitioner's appellate record, including ordering a copy of an expedited transcript of the voir dire at a cost of $800 and communicating with both OAD and the First Department. *See* Dkt. No. 79 at 1.

(internal quotation marks omitted).  Petitioner has not attempted to convince the Court that this factor should have weighed more heavily against the government, yet alone so heavily that the *Barker* factors would have tilted in the direction of excusing exhaustion.  Thus, this argument does not demand relief under Rule 60(b)(1).

Similarly, Petitioner's Section 440 argument does not persuade the Court that post-judgment relief is appropriate.  "The purpose of [a CPL § 440.10 motion] is to inform a court of facts not reflected in the record and unknown at the time of the judgment which, as a matter of law, would undermine the basis of the judgment.  By its very nature, the procedure cannot be used as a vehicle for an additional appeal or as a substitute for a direct appeal." *People v. Donovon*, 487 N.Y.S.2d 345, 353 (2d Dep't 1985); *see also* CPL § 440.10(2)(b) ("[T]he court must deny a motion to vacate a judgment when . . . [t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal . . . ."). Petitioner's Section 440 motions challenged his conviction and sentence on five grounds:  "(1) the verdict sheet was defective; (2) the indictment was defective and the trial evidence was legally insufficient; (3) the destruction of evidence during Hurricane Sandy in October 2012 constituted newly discovered evidence; (4) the convictions were repugnant; and (5) the defendant received the ineffective assistance of counsel." *See* Dkt. No. 1 at ECF pp. 21–22 (New York Supreme Court decision denying motions).  The Court noted that there was a question whether all of these grounds were properly brought in a Section 440 motion because, with the exception of the ineffective assistance of counsel claim, the claims might have been brought through Petitioner's direct appeal.  *See* Dkt. No. 81 at 12 n.4.  The Court was not obliged, and did not, decide this question because the Petition sought relief on grounds not raised

in his Section 440 motions; as Petitioner conceded, the Section 440 motions did not address his actual innocence claim. *See* Dkt. No. 1 ¶ 13. Thus, the Court concluded that, at best, the Petition was mixed and the Court was precluded from adjudicating it. Dkt. No. 80 at 12. Petitioner's argument here does nothing to convince the Court that that conclusion was incorrect. Thus, Petitioner is not entitled to relief on the basis that some of his claims may have been exhausted through his Section 440 motions.

Petitioner next argues that the Court should have excused the exhaustion requirement because his appellate counsel has provided ineffective assistance. Dkt. No. 86 ¶¶ 1–2. However, Petitioner points to no precedent that holds that the ineffective assistance of appellate counsel is cause to excuse exhaustion. Nor would a finding that Petitioner's appellate counsel was ineffective have altered the Court's conclusion—a finding, which the Court pauses to note, is not supported by the evidence currently before the Court. The March 27, 2023 Opinion did not fault Petitioner for the delay in his appeal, as it might have done had the delay been attributable to his appellate counsel. *See Hall v. Le Claire*, 2015 WL 6395869, at *16 (S.D.N.Y. Oct. 21, 2015) (assigning partial responsibility for delay to the petitioner when analyzing the *Barker* factors because the "delay was due, at least in part, to inaction on the part of [the petitioner's] appellate counsel"). Instead, the Court found that the "delay . . . [was] attributable to the State." Dkt. No. 80 at 18. Thus, any evidence that OAD was ineffective could not have shifted the balance of the *Barker* factors.

Relatedly, Petitioner argues that the Court should have held an evidentiary hearing and should hold one for the Rule 60(b) motion to verify that OAD can perfect the appeal. Dkt. No. 86 ¶¶ 1, 4. Generally, evidentiary hearings are appropriate only when there is a dispute of material fact. *See Saada v. Golan*, 2021 WL 4824129, at *3 (2d Cir. Oct. 18, 2021) (summary

9

order) ("As a general matter, in the Rule 60(b) context, evidentiary hearings should be held to decide disputes concerning 'material issues of fact.'" (quoting *Flaks v. Koegel*, 504 F.2d 702, 712 (2d Cir. 1974)); *Copper Leaf LLC v. Belize Infrastructure Fund I, LLC*, 2022 WL 409083, at *2 (S.D.N.Y. Feb. 10, 2022) (same); *Geoffrey Beene, Inc. v. N.Y. Coat, Suit, Dress, Rainwear & Allied Workers' Union, AFL-CIO*, 562 F. Supp. 1316, 1323 (S.D.N.Y. 1983) ("[W]here no genuine dispute of material fact has been raised . . . , no hearing would be necessary or proper."). "In order to raise an issue of fact warranting a hearing, one must submit an affidavit or comparable evidence placing in issue a material assertion of the other side." *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 655 (S.D.N.Y. 2011), *vacated sub nom. Chevron Corp. v. Naranjo*, 2011 WL 4375022 (2d Cir. Sept. 19, 2011), *and rev'd and remanded sub nom. Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012) (collecting cases); *see also Flaks*, 504 F.2d at 712 ("The affidavits submitted by Koegel personally, by his new counsel and by his former counsel created, in our view, material issues of fact which could not have been properly resolved without an evidentiary hearing.").

Here, Petitioner has not established that there was a dispute of material fact to warrant an evidentiary hearing, either on this motion or the previous one. As early as February 10, 2023, Petitioner was aware that Respondent had represented to the Court that the delivery of the voir dire transcript would likely complete the record on appeal, and this fact was referenced several more times by the Court, Respondent, and Petitioner's appellate counsel. In response to the Court's request for supplemental briefing, Respondent's counsel represented on February 10, 2023 that he had communicated with OAD and the District Attorney's Office and identified that the "chief remaining gap in the record" was a "missing portion of the *voir dire* transcript." Dkt. No. 72 at 2. On February 21, 2023, the Court ordered Respondent to provide an update on or

10

before March 15, 2023, on whether OAD had received the full record on appeal and whether OAD expected to perfect the appeal within 180 days of receiving the record. Dkt. No. 73. Respondent requested an extension of time to respond to the Court's order on March 14, 2023, and detailed steps that it was taking to deliver the voir dire transcript to OAD, Dkt. No. 76, which the Court granted in part, Dkt. No. 77. Respondent provided the requested update on March 24, 2023, indicating that OAD had been provided with the voir dire transcript. Dkt. No. 79 at 1. This update included a supplemental letter from Mr. Bernstein of OAD, who wrote that "we believe that our 180-day clock to perfect an appeal . . . has begun to run as of 3/21/23, when we were provided with the other voir dire transcripts." Dkt. No. 79-1 at 1. Based on these communications, the Court concluded that Petitioner's direct appeal was "finally on track for a merits assessment by the New York courts," Dkt. No. 81 at 21 (quoting *Colly*, 546 F. App'x at 20), and thus "the interests of federal-state comity require that the New York state courts have the first opportunity to hear Petitioner's constitutional claims," *id.* at 22. Each of these communications was mailed to Petitioner, *see* Dkt. No. 72 at 5; Mailing Receipt, February 22, 2023; Dkt. No. 76 at 3; Mailing Receipt, March 15, 2023; Dkt. No. 79 at 3, and there is no indication that he did not receive any of these communications.

Petitioner argues that his appeal cannot be perfected because his appellate counsel lacks "sufficient trial transcripts." Dkt. No. 86 ¶ 1. But Petitioner did not challenge *with evidence*, in the form of an affidavit or otherwise, the representations of either Respondent or OAD that the voir dire minutes were the primary obstacle to completing the record on appeal or that the record on appeal is likely now complete. Thus, Petitioner has not demonstrated that there is a dispute of material fact as to whether the appeal was "finally on track," either before the March 27, 2023 Opinion or in connection with this motion. Petitioner has not convinced the Court that an

11

evidentiary hearing was warranted in connection with the motion to dismiss or that one is warranted here.[7]  *See Saada*, 2021 WL 4824129, at *4 ("Golan has submitted no affidavits or other materials that raise a dispute of material fact.").

Finally, Petitioner requests that the Court hold an evidentiary hearing and adjudicate whether the state court had subject matter jurisdiction over him during his 2019 trial.  Dkt. No. 86 ¶ 8.  However, this claim is not properly before the Court on this motion.  Petitioner is not pointing out a mistake that he alleges the Court made in its decision dismissing the Petition; rather, he is requesting that the Court examine the merits of his underlying Petition, which included a claim for lack of subject matter jurisdiction, *see* Dkt. No. 1 ¶ 12.  The Court found that it was precluded from adjudicating this claim because the Petition was not exhausted.  *See* Dkt. No. 80 at 12.  Petitioner does not point to any error of fact or law that would suggest that the Court should have adjudicated his subject matter jurisdiction claim and thus the Court is also precluded from examining his subject matter jurisdiction claim on this motion.[8]

Because Petitioner has not demonstrated that the Court made an error of law or fact in the March 27, 2023 Opinion, the Court finds that Petitioner has not demonstrated "exceptional

---

[7] To the degree that Petitioner is requesting an evidentiary hearing and appointment of counsel under Rule 8 of the Rules Governing Section 2254, *see* Dkt. No. 97 at 3, that request is denied.  Rule 8 only applies "[i]f the petition is not dismissed."  Rule 8(a) of the Rules Governing Section 2254.  The March 27, 2023 Opinion dismissed Petitioner's Petition without prejudice and thus he is not entitled to an evidentiary hearing under Rule 8.

[8] Petitioner contends that "he has been denied due process" "pursuant to, delay and speedy trial issues."  Dkt. No. 86 ¶ 2.  Petitioner may be responding to the Court's observation that he had not sought habeas relief for a violation of his due process rights as a result of the appellate delay.  Dkt. No. 81 at 14 n.5.  However, "[a] 'Rule 60(b) motion cannot be used to raise new claims . . . that could have been raised earlier.'"  *Brook v. Simon*, 2018 WL 6518855, at *7 (S.D.N.Y. Nov. 27, 2018) (citation omitted).  Thus, to the degree that Petitioner is raising a due-process habeas argument, it is not properly before the Court.

circumstances" that would necessitate relief from the Court's judgment. *Int'l Bhd. of Teamsters*, 247 F.3d at 391.[9]

## CONCLUSION

The motion to vacate the judgment is DENIED. Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (holding "that the COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition"). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to close Dkt. No. 86.

SO ORDERED.

Dated: June 12, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[9] Petitioner also requests that OAD be appointed counsel for him on this motion. Dkt. No. 87 at 2. That request is denied. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915. "[R]epresentation may [also] be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(2)(B). "In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986). The Court found that the Petitioner's position in his Rule 60(b) motions fails. Thus, the appointment of counsel is not appropriate. *See Vega v. United States*, 2008 WL 4104684, at *4 (E.D.N.Y. Sept. 2, 2008) ("Because appointment of counsel is not necessary for the court to resolve petitioner's application, this request is denied.").