```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
CARL D. WELLS,                                                     :
                                                                   :
                                        Petitioner,                :
                                                                   :         21-cv-11231 (LJL)
                -v-                                                :
                                                                   :         MEMORANDUM AND
SUPERINTENDENT MARK MILLER,                                        :             ORDER
                                                                   :
                                        Respondent.                :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Before the Court is the second motion of Petitioner Carl D. Wells ("Petitioner") for reconsideration of the Court's March 27, 2023 Opinion denying his petition for writ of habeas corpus under 28 U.S.C. § 2254.  Dkt. No. 102.  In its initial Opinion, the Court found that § 2254's exhaustion requirements should not be excused, despite the state court's delay in adjudicating Petitioner's direct appeal, and determined that, because Petitioner had not made a substantial showing of a denial of a constitutional right, a certificate of appealability would not issue.  Dkt. No. 81.  On April 21, 2023, Petitioner moved for reconsideration under Rule 60(b0 of the Court's Opinion.  Dkt. No. 86.  On June 12, 2023, the Court denied Petitioner's motion, reiterating its view as to the exhaustion requirement and as to the certificate of appealability.  Dkt. No. 98.  Approximately two weeks later, Petitioner appealed to the Second Circuit, moving for a certificate of appealability, *in forma pauperis* status, and appointment of counsel.  Dkt. No. 100.  On February 13, 2024, the Second Circuit denied each of Petitioner's motions.  Dkt. No. 101.  Petitioner then returned to this Court, filing his second motion for reconsideration of the Court's original March 27, 2023 Opinion under Rule 60(b).  For the following reasons, the

petition is denied.

As a threshold matter, "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (quoting 28 U.S.C. § 2254). In particular, "the availability of Rule 60(b) is limited to the extent that it is consistent with the restrictions that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places on a state prisoner's ability to file second or successive applications under § 2254." *Marshall v. Keffer*, 2013 WL 9894223, at *2 (E.D.N.Y. Nov. 7, 2013). Petitioner is a state prisoner seeking relief from the denial of his initial habeas petition. "In this context, a Rule 60(b) motion is, in substance, a successive habeas petition if the movant attacks his underlying criminal conviction." *Id.* Should Petitioner wish to have the Court construe his second motion for reconsideration as a second or successive habeas petition controlled by 28 U.S.C. § 2244, he should inform the Court by letter by April 11, 2024. The Court notes, however, that before it may accept a successive habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" as presenting permissible claims. 28 U.S.C. § 2244(b)(3)(A).

SO ORDERED.

Dated: March 21, 2024
      New York, New York

                                                             LEWIS J. LIMAN
                                                    United States District Judge